IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBEN ALEXANDER GOMEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-01357-E (BT) |
| | § | |
| JOHNSON COUNTY, et al., | § | *Consolidated with:* |
| Defendants. | § | 3:22-cv-01649-E (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In these consolidated proceedings, Plaintiff Ruben Alexander Gomez, a Texas inmate proceeding *in forma pauperis* and *pro se*, raises claims under 42 U.S.C. § 1983 against the Johnson County Jail, Johnson County, and LaSalle Management Company related to his confinement at the Johnson County Jail. For the following reasons, the Court should dismiss Gomez's claims under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**Background**

Gomez filed a complaint on June 22, 2022, against the Johnson County Jail and Johnson County. ECF No. 3. On July 29, 2022, he filed a separate complaint with similar allegations against "LaSalle," which the Court liberally construes as a reference to LaSalle Management Company, LLC, an entity that manages prisons.

*See* 3:22-cv-1649-E-BT; Civ. Doc. No. 3.[1] The Court later ordered that the 3:22-cv-1649 case be consolidated with this case. ECF No. 16.

Gomez claims that he "is/was a neglected mental health patient" at the Johnson County Jail. ECF No. 3 at 1. He alleges that he had a seizure, but nobody from the jail assisted him or came to check on him. ECF No. 3 at 1; ECF No. 8 at 4.

He claims that he did not receive his medication because he could not "physically get up to the door." ECF No. 3 at 1. He alleges that, on an unspecified number of occasions, he was denied breakfast, lunch, and dinner. ECF No. 3 at 1. He complains that his clothes and blankets had a "hard stench" of urine and vomit. ECF No. 3 at 1.; ECF No. 8 at 4. He claims that all of this occurred in 2018 or 2019. Civ. Doc. No. 3 at 4; ECF No. 3 at 1; ECF No. 24 at 1. He does not specify whether he was a pretrial detainee or convicted prisoner at the time of the events in question.

He seeks monetary damages and the dismissal of criminal charges against him. ECF No. 8 at 4.[2]

---

[1] Citations to documents from the No. 3:22-cv-01649-E (BT) case are preceded with "Civ. Doc. No." Citations to documents from the 3:22-cv-01357-E (BT) case are preceded with "ECF No."

[2] Gomez also filed several unauthorized supplemental documents in which he expands his allegations. ECF Nos. 9, 10, 11, 12, 13, 20, 29, 30, 31. He alleges, for example, that staff at the Johnson County Jail ignored a prisoner's suicide threats, and that prisoner later killed himself. ECF No. 11. He alleges that, at unspecified times, staff at the Johnson County Jail failed to give him his medications and failed to properly treat his broken foot and his swollen knee. ECF No. 29; ECF No. 31. He alleges that his criminal charges were dropped, but he was informed that he could not leave the prison without paying $1,000. ECF No. 31. However, the Court

**Legal Standards**

Gomez's pleadings are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that

---

previously ordered that "no amendments or supplements to the complaint shall be filed without prior Court approval." ECF No. 6 at 2. Gomez failed to obtain leave of Court prior to filing these supplemental documents. Therefore, the Court does not consider them for screening purposes. *See*, *e.g.*, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (noting that *pro se* parties must still comply with the court's rules).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Because Gomez's claims relate to his imprisonment and are against state actors or private actors that have assumed the state function of prison administration, the Court construes his claims as arising under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

As explained below, Gomez fails to state a claim under § 1983.

1. <u>The Johnson County Jail is a nonjural entity, and Gomez's claims against it should be dismissed</u>.

Gomez named the Johnson County Jail as a defendant, but the jail is a nonjural entity under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Id.* at 313 (agency of city government). *See Lindley v. Bowles*, 2002 WL 1315466, at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence); *Tamez v. Nueces County Jail*, 2006

4

WL 2583376, at *2 (N.D. Tex. Aug. 31, 2006) (finding that the plaintiff failed to show that the Johnson County Jail had ever been granted the capacity to sue or be sued).

Because the Johnson County Jail is a nonjural entity, Gomez's claim against it should be dismissed.

2. Gomez's claims against Johnson County and LaSalle should be dismissed because he has not plausibly alleged municipal liability under § 1983.

Gomez also named Johnson County and LaSalle as defendants. Liberally construing his allegations, he alleges that these entities were deliberately indifferent to his medical needs, did not feed him, and did not provide clean clothing and blankets. Civ. Doc. No. 3 at 4; ECF No. 3 at 1; ECF No. 8 at 4.

Municipalities like Johnson County cannot be held liable under § 1983 unless the plaintiff can show "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

A policy that is the moving force behind the deprivation of rights can take the form of: "an (1) express policy of violating the Constitution, (2) a widespread practice or custom—even if that custom has not received formal approval by an official decision-making body—or (3) a decision by an individual with express policy-making authority." *Cardenas v. Lee County, Texas*, 569 F. App'x 252, 255

(5th Cir. 2014) (per curiam) (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91 (1978)).

Here, Gomez has not identified a municipal policy or custom of Johnson County. Nor has he identified a policymaker. He fails to state a claim against Johnson County.

As for LaSalle, courts have found that this company is a state actor when it operates prisons. *See, e.g.*, *Ball v. Book*, 2022 WL 509389, at *3 (W.D. La. Feb. 18, 2022) ("Thus, although LaSalle Management Company is a private entity . . . a § 1983 violation claim can be brought against [it] because, by operating the [correctional center], they were performing a function which is fundamentally governmental in nature.") (citing *Rosborough v. Management Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003)).

And claims against private entities acting under color of state law like LaSalle are treated as claims against municipalities. *See Ball*, 2022 WL 509389, at *6 (citing *Mixon v. Pohlmann*, 2021 WL 6072501 at *16 (E.D. La. Dec. 23, 2021); *Carter v. Gautreaux*, 2021 WL 2785332, at *2 (M.D. La. July 1, 2021); *Tolbert v. Gusman*, 2020 WL 1892590, at *5-6 (E.D. La. Apr. 16, 2020); *Coleman v. LaSalle Correctional Center*, 2008 WL 2465989, at *4-5 (W.D. La. May 29, 2008); *Phillips v. Corrections Corp. of America*, 2006 WL 1308142, at *3 (W.D. La. May 10, 2006). Again, the plaintiff must plausibly allege "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge,

6

and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle*, 613 F.3d at 541-42 (citations omitted).

As with Johnson County, Plaintiff fails to plausibly allege any of those elements against LaSalle and therefore fails to state a § 1983 claim against it.

3. Gomez's claims are also time-barred.

Even if Gomez plausibly alleged municipal liability, his claims are barred by limitations. "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915." *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). For suits under § 1983, "state law supplies the applicable limitations period and tolling provisions." *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). Federal law, however, determines when the cause of action accrues. *Id.* at 156-57. Texas law sets a two-year period of limitations for personal injury. TEX. CIV. PRAC. & REM. CODE § 16.003. A claim under § 1983 accrues when the plaintiff "knows or has reason to know that he has been hurt and who inflicted the injury." *Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022) (cleaned up). The limitations period begins when the plaintiff is aware of: "(1) the existence of the injury; and (2) causation, or the connection between the injury and the defendant's actions." *Riley v. Sheely*, 2010 WL 1537154, at *2 (E.D. Tex. Mar. 25, 2010) (citation omitted).

Gomez complains about a lack of medical care following a seizure and the failure of the Johnson County Jail to provide him with medication, food, and clean

7

clothing and blankets in 2018 or 2019. *See* Civ. Doc. No. 3 at 4; ECF No. 3 at 4; ECF No. 8 at 4; ECF No. 24 at 1. He has not alleged any kind of latent injury. He would have known—or should have known—of his injuries at the time the alleged constitutional torts occurred. Thus, his causes of action accrued in 2018 or 2019. Yet, he did not file this lawsuit until June of 2022, more than two years after his causes of action accrued. Therefore, Gomez's claims are time-barred and should be dismissed.

4. Gomez's claims for monetary damages are barred by the PLRA's physical injury requirement, and his request to have his criminal charges dropped is beyond the purview of a § 1983 action.

Even if Gomez plausibly alleged municipal liability, and even if his claims were not time-barred, the relief that he seeks—compensatory damages and the dropping of criminal charges against him—is not cognizable in this action.

As a prisoner, Gomez is subject to the Prison Litigation Reform (PLRA). Under the PLRA, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but

8

need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Gomez does not allege any specific physical injury. He only alleges physical suffering. ECF No. 8 at 4. But without allegations of a specific, more-than-*de-minimus*-physical-injury, the PLRA bars his claims for compensatory damages. *See* 42 U.S.C. § 1997e(e); *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001).[3]

And as for Gomez's request for the Court to order that the criminal charges against him be dropped, Gomez must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Lambert v. Davis*, 2012 WL 1457175, at *1 (S.D. Miss. Apr. 27, 2012) (citing *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing, in turn, *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 430 (5th Cir. 1989)). Specifically, when a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief. *Preiser v. Rodriguez,* 411 U.S. 475 (1973).

In short, between the PLRA's physical injury requirement and the rule that challenges to the fact and duration of confinement must be pursued through a

---

[3] Under Fifth Circuit precedent, the physical injury requirement does not apply to claims for punitive or nominal damages. See *Clark v. Waddell*, 2023 WL 3098852, at *4 (N.D. Tex. Mar. 30, 2023) (citing *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 605-06 (5th Cir. 2008)). But there is no indication that Gomez seeks that kind of relief. He states that he seeks $2 million to compensate him for his injuries and the dropping of his criminal charges. ECF No. 8 at 4; ECF No. 24 at 4.

habeas claim, Gomez is not entitled to the relief that he seeks and therefore fails to state a claim.[4]

## Leave to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citation omitted).

That is the case here. The Court already gave Gomez a chance to clarify his claims through his responses to an MJQ, which is a valid way for a *pro se* litigant to develop his complaint. *See, e.g.*, *Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam). He also filed an amended complaint. He has had opportunity to plead his best case, and further leave to amend is not necessary or warranted.

---

[4] Given the findings that Gomez's claims are time-barred, that he has not plausibly alleged municipal liability, and that he is not entitled to the relief that he seeks, the Court need not reach the issue of whether he has plausibly alleged a constitutional violation.

10

## Recommendation

The Court should dismiss Gomez's claims with prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED.**

October 27, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).